ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES GYPSUM COMPANY,

        Plaintiff,

 v.

ECTEK INTERNATIONAL, INC. and ECTEK BUILDING MATERIALS, INC.,

        Defendants.

ECTEK INTERNATIONAL, INC. and ECTEK BUILDING MATERIALS, INC.,

        Counter-Plaintiffs,

 v.

UNITED STATES GYPSUM COMPANY,

        Counter-Defendant.

23 Civ. 3459 (LLS)

**MEMO ENDORSEMENT**

  To avoid abuses of the discovery process, the discovery contemplated by Plaintiff United States Gypsum Company in its proposed motion to compel, which Defendants Ectek International, Inc. and Ectek Building Materials, Inc. object to in their November 5, 2025 letter, need not be produced at this time. The subject of this discovery request is stayed until a conference with the Court is held with regard to these topics. To that end, those matters are excluded from the Scheduling Order entered by the Court on October 15, 2025. The parties should proceed on all other discovery matters in compliance with the Scheduling Order.

-2-

The Court intends to hold a conference on this issue in December and invites the parties to confer and propose their preferred date and time. As guidance to the parties, the Court generally holds conferences on Tuesday, Wednesday, and Thursday afternoons where feasible for the parties.

Dated:   New York, New York
         November 20, 2025

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                       U.S.D.J.

**HARRIS BEACH MURTHA**
ATTORNEYS AT LAW

October 28, 2025

MEMO ENDORSED

100 WALL STREET
NEW YORK, NEW YORK 10005
212.687.0100

**KELLY JONES HOWELL**
PARTNER
DIRECT:    212.912.3652
FAX:       212.687.0659
KHOWELL@HARRISBEACHMURTHA.COM

Via CM/ECF

Hon. Louis L. Stanton
U.S. Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:    USG v. Ectek International, Inc.
       Court No. 1:23-cv-03459

Dear Judge Stanton:

Consistent with Your Honor's Individual Practices and S.D.N.Y. Local Rule 37.2, United States Gypsum Company ("USG") requests a conference with the Court in advance of USG's motion to compel Ectek Building Materials, Inc. ("EBM") to supplement its responses to certain production requests discussed below. In support, USG states the following:

On November 14, 2023, USG served its requests for production on EBM. EBM objected to USG's Request No. 15, "*All records of sales of Megaboard from Ectek Building Materials, Inc. to any entity in the United States from January 1, 2016 to the Present*" as overly broad, unduly burdensome and disproportionate to the needs of the case. In an attempt to narrow these requests, USG sent EBM a notice for a Federal Rule 30(B)(6) deposition where it sought sales information regarding particular jobs and customers. (*See* 30(B)(6) Notice of EBM, attached hereto as *Exhibit 1*).

The deposition of EBM's 30(b)(6) witness, Mr. Wenyi Zhang took place on August 22, 2025. The 30(B)(6) notice requested that EBM's corporate representative be able to testify as to the sale and provision of Megaboard for use in identified projects and with the identified entities, including communications, information provides by EBM, and the specifications of Megaboard to be used during the projects. (Ex. 1). Despite that, Mr. Zhang was not able to provide any information as to the amount of sales made to these customers or jobs. During that deposition, Mr. Zhang testified that they maintained invoices which would show the sales made to several customers relevant to this litigation. (*See* Deposition Transcript of Wayne Zhang, attached hereto as *Exhibit 2*, 9:14-12:5). At that time, counsel for USG indicated a letter would be sent to counsel for EBM requesting Mr. Zhang to look for purchases orders, and other sales documentation from named customers or potential customers. Mr. Zhang testified that he would be able to find these invoices and purchases orders. (*Exhibit 2*, 26:9-16).

On September 22, 2025, in an attempt to limit its request for production, reach a suitable compromise, and in accordance with the topics EBM was supposed to testify regarding at the 30(B)(6) deposition, USG requested that EBM supplement its document production by producing

October 28, 2025
Page 2

invoices, purchase orders, and other sales documentation of Megaboard for a list of named customers or potential customers on or before September 30, 2025. (*See* September 22, 2025 email, attached hereto as ***Exhibit 3***). USG did not receive a response from EBM. On October 3, 2025, USG sent a follow-up correspondence to EBM requesting that EBM supplement its document production with the requested invoices, purchase orders, and other sales documentation of Megaboard. As of today's date, EBM has failed to respond to USG's supplemental document production request.

This is necessary discovery for this litigation. Specifically, the invoices, purchase orders, and other sales documentation of Megaboard to the following customers is the only way for USG to get information as to the amount of Megaboard provided to these jobs in which USG contends it lost to EBM due to EBM's misrepresentations:

1. Fortis Products
2. Lucas Drywall
3. Light Gauge Systems
4. Gibbs Construction
5. Foundation Building Materials
6. Knutson Construction
7. UA Builders
8. Mastech Construction
9. Katerra
10. Mammoth Prefab
11. Interior Supply, Inc.
12. Gilbane Construction
13. O&G Industries
14. Silver Creek Modular
15. Prescient Metal Framing
16. Mastech
17. Southeast Modular
18. Texas Steel Panel

This discovery is the most straightforward way for USG to calculate accurate damage figures to the damages USG suffered as a result of EBM's misrepresentations.

Accordingly, USG respectfully requests that the Court schedule a conference to discuss the dispute or, in the alternative, grant USG permission to file a motion to compel EBM to produce the requested materials. We thank Your Honor for the Court's time and consideration on this letter

Respectfully submitted,

UNITED STATES GYPSUM COMPANY

HARRIS BEACH MURTHA CULLINA PLLC

October 28, 2025
Page 3

*[signature: Kelly J. Howell]*

Kelly Jones Howell, Esq. *(KEJ-7804)*
Brendan M. Palfreyman, Esq.*(BP-9405)*
**HARRIS BEACH MURTHA CULLINA PLLC**
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659
khowell@harrisbeach.com
*Of Counsel*

Michael W. Drumke, Esq.
T. Allon Renfro, Esq.
Isabella A. Masini, Esq. (*PHV forthcoming*)
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 fax
*Attorneys for Plaintiff*
*United States Gypsum Company*



**WALKER WILCOX MATOUSEK LLP**

Kevin R. O'Neill
Tel: 312.244.6786
koneill@walkerwilcox.com

November 5, 2025

**MEMO ENDORSED**

VIA CM/ECF

Hon. Louis L. Stanton
U.S. Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NYT 10007-1312

<u>RE: USG v. Ectek International Inc. Docket NO. 23-cv-03459</u>

Dear Judge Stanton:

Consistent with Your Honor's Individual Practices and S.D.N.Y. Local Rule 37.2, Ectek International, Inc. and Ectek Buildings Materials, Inc. ("Ectek") request that you deny Plaintiff USG's letter motion [Dkt. 89] requesting a conference with the Court or to allow it to move to compel responses to its overly burdensome, vague, and irrelevant document requests. In support, Ectek states the following:

As USG acknowledges in its letter motion, on November 14, 2023, USG served its requests for production on EBM. EBM objected to USG's Request No. 15, "All records of sales of Megaboard from Ectek Building Materials, Inc. to any entity in the United States from January 1, 2016 to the Present" as overly broad, unduly burdensome and disproportionate to the needs of the case. USG moved to compel a supplemental response to Request No. 15 and, in a hearing on that Motion, the Court agreed with Ectek's objections, stating such on the record and denying USG's Motion. [Dkt. 62]. Nothing has changed since the Court entered that Order.

As the Court is aware, this case is narrowly focused on the use of Ectek's product Megaboard, a magnesium oxide structural panel, in Type I and II Buildings. [Dkt. 15, ¶3]. Type I and II Buildings, such as schools, medical buildings and other commercial and high-rise residential construction, are only a limited subset of construction projects for which Ectek supplies Megaboard to customers. *Id.* Type I and II construction is required to meet certain standards for noncombustibility, while other types of construction are not required to meet the same noncombustibility standards. USG's Complaint alleges that Ectek's marketing of Megaboard as

---

FOUNDERS:   William P. Bila   Robert P. Conlon   Edward P. Gibbons   Celeste M. King   Gary L. Lockwood   Paul F. Matousek   David E. Walker   Mark D. Wilcox

One North Franklin Street, Suite 3200
Chicago, IL 60606
312.244.6700

walkerwilcox.com

1001 McKinney Street, Suite 2000
Houston, TX 77002
713.654.8001

November 5, 2025
Page 2

"noncombustible" is false and misleading and that Megaboard cannot be used in Type I and II construction where noncombustible materials are required. *See Id.,* generally. As such, projects where noncombustibility is not a requirement are irrelevant to both liability and damages in the present case.

In its Request for Production number 15, which this Court has already determined was overbroad, unduly burdensome and disproportionate to the needs of the case, USG has asked for invoices, purchase orders and other sales documentation to a list of 18 customers or potential customers. The Request was made without regard to what projects the sales were for, whether the projects were Type I or II construction, whether noncombustibility was a requirement of the clients, or whether any of the customers identified in Request 15 viewed USG's more expensive and cumbersome Structo-Crete product as a viable alternative to Megaboard. Moreover, there is no evidence that any of the customers identified in Request 15 received any advertisement regarding the combustibility of Megaboard, had any knowledge of the ASTM E-136 test for combustibility, or whether they were purchasing Megaboard because of its noncombustibility. Mr. Zhang testified that the invoices they send to customers do not even reflect the projects on which they are used such that USG could ascertain whether Megaboard sold to any particular customer was intended to be used in a project relevant to this litigation. *See* Ex. 2 to USG's letter motion, pg. 10, lines 19-22. Moreover, there are clients on the list in Request 15 that do not build *any* Type I or II buildings, as they build only wood-frame construction wherein the combustibility of building materials is not a relevant consideration.

Counsel for Ectek has discussed these concerns with counsel for USG on numerous occasions, yet USG ignores these issues and has continued to insist that Ectek produce wholly irrelevant information that does not tend to prove or disprove any issue in the case, at great burden and cost to Ectek. Moreover, USG is a competitor of Ectek, so the harm of producing sales information, invoices, and other documents reflecting sales of Megaboard is compounded. All this despite the Court already sustaining Ectek's objection to Request No. 15. Nevertheless, USG has persisted in requesting sales information and documents that are totally unrelated to the subject matter or issues in this lawsuit.

Accordingly, Ectek respectfully requests that the Court deny USG's Motion for a conference or to allow it to file a motion to compel in accordance with its prior order denying USG's Motion to Compel Ectek's response to Requests for Production 15. We thank Your Honor for the Court's time and consideration on this letter.

Respectfully submitted

By: */s/ Kevin R. O'Neill*
Kevin R. O'Neill (admitted pro hac vice
Walker Wilcox Matousek LLP
One North Franklin, Suite 3200

Case 1:23-cv-03459-LLS    Document 91    Filed 11/20/25    Page 8 of 8
Case 1:23-cv-03459-LLS    Document 90    Filed 11/05/25    Page 3 of 3

November 5, 2025
Page 3

Chicago, IL 60606
Telephone: (312) 244-6700
koneill@walkerwilcox.com

Gregg D. Weinstock (GDW-8078)
Barker Patterson Nichols LLP
300 Garden City Plaza, Suite 100
Garden City, New York 11530
Telephone: (516) 926-3396

*Attorney for Defendants*
*Ectek International, Inc. and*
*Ectek Building Materials, Inc.*